[L.A. No. 29830. In Bank. May 14, 1971.]

DANA J., a Minor, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
THE PEOPLE et al., Real Parties in Interest.

## COUNSEL

Richard S. Buckley, Public Defender, James L. McCormick, Kathryn J. McDonald, Denis A. Gluck, Laurance S. Smith, and John J. Gibbons, Deputy Public Defenders, for Petitioner.

No appearance for Respondent.

Thomas C. Lynch and Evelle J. Younger, Attorneys General, William E. James, Assistant Attorney General, and Blanche C. Bersch, Deputy Attorney General, for Real Parties in Interest.

## OPINION

**BURKE, J.**—In this case we are called upon to determine under what circumstances a minor is entitled to a free transcript for use on appeal from an order of the juvenile court finding him to be a person coming within the provisions of Welfare and Institutions Code section 602.[1] We have con-

---

[1]Section 602 provides that "Any person under the age of 21 years who violates any law of this State or of the United States or any ordinance of any city or county of this State defining crime or who, after having been found by the juvenile court to be a per-

cluded that under Welfare and Institutions Code section 800, petitioner was entitled to a free transcript, having previously established his own personal inability to afford counsel, and that he may not be deprived of a transcript solely on the ground that he failed to allege facts regarding the financial status of his parents.

Petitioner, 17 years of age, was charged by petition filed in juvenile court with illegal possession of marijuana (Health & Saf. Code, § 11530). On June 1, 1970, at a detention hearing held before a juvenile court referee (see Welf. & Inst. Code, § 632), a public defender was appointed to represent petitioner pursuant to the provisions of section 634.[2] Petitioner, through his appointed counsel, denied the allegations of the petition and the matter was set for adjudication on June 17. At the adjudication hearing petitioner, represented by the public defender, successfully moved to dismiss the possession of marijuana charge for insufficiency of the evidence; the court, however, ordered the probation department to amend its petition to allege a violation of municipal curfew law. The court sustained the petition as amended, and placed petitioner on probation for six months (§ 725, subd. (a)), releasing him to his parents' custody.

On July 13, petitioner, still represented by the public defender, filed a notice of appeal accompanied by petitioner's declaration stating that he was represented by the public defender, "that he has no independent assets and is unable to afford counsel," and that he requests free copies of the reporter's and clerk's transcripts pursuant to Welfare and Institutions Code section 800. On August 14, the court denied without opinion petitioner's

---

son described by Section 601 [habitual truant, etc.], fails to obey any lawful order of the juvenile court, is within the jurisdiction of the juvenile court, which may adjudge such person to be a ward of the court."

[2]At the time of petitioner's hearing, section 634 provided, in pertinent part, as follows: "When it appears to the court that the minor or his parent or guardian desires counsel but is unable to afford and cannot for that reason employ counsel, the court may appoint counsel. In any case in which the minor is alleged to be a person described in Section 601 or 602, he shall be represented by counsel and the court shall appoint counsel for the minor if the minor or his parent or guardian desires counsel but is unable to afford and cannot for that reason employ counsel, unless there is an intelligent waiver of the right of counsel by the minor. If the parent or guardian does not furnish counsel and the court determines that such parent or guardian has the ability to pay, the court shall appoint counsel at the expense of the parent or guardian. . . ."

Therefore, the court's appointment of counsel for petitioner herein was, under section 634, necessarily based upon its determination that petitioner was personally unable to afford counsel, and that his parents were either unable or unwilling to do so. (Note that under the 1970 amendments to section 634, if the minor is alleged to fall within the provisions of sections 601 or 602, the court must appoint counsel for him, if he appears at the hearing without counsel, *whether or not he is unable to afford counsel.* A nonindigent minor or his parents, however, ultimately may be required to reimburse the county for the cost of appointed counsel. See Welf. & Inst. Code, § 903.1.)

request for free transcripts. In the instant proceeding, petitioner seeks mandate to compel respondent court to order that free transcripts be provided to petitioner for use on appeal.

The People contend that the court's order denying petitioner free transcripts on appeal may be sustained on the ground that petitioner failed to submit to the court information regarding the financial status of his parents, and therefore failed to negate the possibility that they could assist petitioner in paying for the transcripts.[3] Although the court's order denying free transcripts did not state the reasons for its ruling, we may assume that the order was based solely upon the ground asserted by the People.[4]

Section 800 provides for appeals in juvenile court proceedings "in the same manner as any final judgment," and states that "An appellant unable to afford counsel shall be provided a free copy of the transcript." The latter provision was added to section 800 in 1967, and we have found no authoritative legislative history underlying that provision. The People contend that in determining the minor's ability to afford counsel, his parents' financial status should be taken into consideration. The People urge us to acknowledge that the child of nonindigent parents is not truly indigent, for he possesses a valuable asset in the form of his parents' support obligation to him. (See *In re Ricky H.,* 2 Cal.3d 513, 520-521 [86 Cal.Rptr. 76, 468 P.2d 204], holding that legal services on behalf of a minor in juvenile court are in the nature of "necessaries" for which the parents would be liable.) The difficulty with this theory, however, is that it fails to take into account a minor's inability or reluctance to enforce this parental obligation. As a practical matter, one's parents' wealth is of little benefit if they are unwilling to part with it.

If we were to accept the People's interpretation of section 800 as denying a free transcript to a child of nonindigent parents, that child could be deprived of a valuable, and often essential, legal resource merely because his parents, though having the ability to do so, are unwilling to provide legal assistance to him. ■ Although the rights and interests of the parents must, whenever possible, be recognized and promoted in juvenile court proceedings (see *County of Alameda* v. *Espinosa,* 243 Cal.App.2d 534, 546 [52 Cal.Rptr. 480]), the rights of the minor remain paramount in view

---

[3]The record indicates that petitioner's father did submit a financial statement, disclosing his inability to afford counsel. That statement, however, was submitted after the court had ruled on petitioner's motion for transcripts, and was not considered by the court in making its ruling.

[4]Indeed, in an affidavit attached to the People's return herein, the judge who entered the order affirms that he did so because "there was no showing that the minor's parents were unable to afford counsel and that they came within the provision of section 800 of the Welfare and Institutions Code."

of the serious consequences attending delinquency proceedings. As we pointed out in *In re Ricky H., supra,* 2 Cal.3d 513, 524-525, a minor in juvenile court might be induced to waive the right to appointed counsel through coercion or fear of reprisal from his parents, who would ultimately be obligated, if financially able, to reimburse the county for the cost thereof. (Welf. & Inst. Code, § 903.1.) Accordingly, we held in that case that the juvenile courts should not accept a waiver of counsel if the circumstances indicate that such fear or coercion were influencing the minor's decision. By similar reasoning, parental refusal to provide legal assistance to an otherwise indigent minor should not result in depriving him of that assistance.[5]

■ The language of section 800, when construed along with other provisions of the Juvenile Court Law, make it apparent that the Legislature did not intend that inquiry be made concerning the parents' ability to afford counsel, for purposes of determining whether free transcripts should be provided to their child.[6] Other sections refer separately to the minor's ability to afford counsel, and the ability of his parents to do so, indicating an intent to distinguish between the minor and his parents in this respect. (See Welf. & Inst. Code, §§ 634, 659, 679, 700.) Section 800, however, refers solely to the ability of "appellant," and not to the ability of his parents, relatives or guardian.

The People contend that the word "appellant" in section 800 includes not only the minor but also his parents who, by reason of Civil Code section 42, would be parties to the appeal along with their child. Section 42 provides that "A minor may enforce his rights by civil action, or other legal proceedings, in the same manner as a person of full age, except that a guardian must conduct the same." (See also Code Civ. Proc., § 372.) ■ Even if we assume that section 42 applies to delinquency proceedings in juvenile court,[7] nevertheless it is well established that the child is the real party in interest to an action brought by his parent or guardian on his behalf. (See *Siegal* v. *Superior Court,* 203 Cal.App.2d 22, 24-25 [21 Cal.Rptr. 348]; 2 Witkin, Cal. Procedure (1954), Pleading, § 26, p. 1003; 24 Cal.Jur.2d,

---

[5]Under Welfare and Institutions Code section 634, the court is required to appoint counsel at the parents' expense when it appears that they are able but unwilling to retain counsel for their child.

[6]It is also clear from the language of section 800 that, contrary to the People's suggestion, the Legislature did not intend to permit the juvenile court to order a settled statement in lieu of a transcript, as is the practice in certain criminal appeals. See *Magezis* v. *Municipal Court,* 3 Cal.3d 54 [88 Cal.Rptr. 713, 473 P.2d 353.]

[7]We note that prior appeals under section 800 have been initiated by the minor himself, through counsel; the parent or guardian has not ordinarily appeared on behalf of the minor. See, e.g., *In re Dennis M.,* 70 Cal.2d 444 [75 Cal.Rptr. 1, 450 P.2d 296]; *In re Gladys R.,* 1 Cal.3d 855 [83 Cal.Rptr. 671, 464 P.2d 127].

Guardian and Ward, § 112.) It seems evident, therefore, that in using the word "appellant," the Legislature did not intend to refer jointly to the minor and the parent or guardian who represents his interests.[8]

■ We conclude that under section 800, the minor is entitled to a free transcript for use on appeal if he personally is unable to afford counsel, without regard to his parents' financial status. In the instant case, petitioner previously established that he was unable to afford counsel (see fn. 2, *ante*) and the court, acting pursuant to section 634, appointed the public defender to represent him. Petitioner remains represented by the public defender and has alleged that he is still unable to afford counsel. The People do not challenge that allegation.

■ Let a peremptory writ of mandate issue to compel the superior court sitting as juvenile court to order free transcripts for petitioner as requested.

Wright, C. J., McComb, J., Peters, J., Tobriner, J., Mosk, J., and Sullivan, J., concurred.

---

[8]We do not, of course, suggest that parents have no right of appeal under section 800 to protect their own interests. See *In re Dargo,* 81 Cal.App.2d 205, 207 [183 P.2d 282], holding that such a right exists. In the instant case, however, there is no indication that petitioner's parents have sought to join petitioner in his appeal.