[Crim. No. 5146. Fourth Dist., Div. One. Sept. 15, 1972.]

THE PEOPLE, Plaintiff and Respondent, v.
RANDY EUGENE JOHNSON, Defendant and Appellant.

[Crim. No. 5147. Fourth Dist., Div. One. Sept. 15, 1972.]

THE PEOPLE, Plaintiff and Respondent, v.
JIMMY MANUEL MALLOBOX, Defendant and Appellant.

[Crim. No. 5148. Fourth Dist., Div. One. Sept. 15, 1972.]

THE PEOPLE, Plaintiff and Respondent, v.
IRA ALEX RIVERA, Defendant and Appellant.

(Consolidated Cases.)

John H. Pattie, Public Defender, for Defendants and Appellants.

Evelle J. Younger, Attorney General, Edward A. Hinz, Jr., Chief Assistant Attorney General, William E. James, Assistant Attorney General, Mark L. Christiansen and Michael S. Klein, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**BROWN (Gerald), P. J.**—Defendants Randy Eugene Johnson, Jimmy Manuel Mallobox and Ira Alex Rivera, whose cases are consolidated, appeal the judgments (orders granting probation) in their individual cases, challenging only a condition requiring them to reimburse Imperial County for the costs of their appointed counsel. They do not challenge the validity of their pleas.

When arraigned the court advised Johnson he was entitled to the services of an attorney and, if he did not have the means or money to hire one, the court would appoint one for him. The court appointed the public defender's office. Johnson pleaded guilty and was again advised of his right to an attorney. The court granted him probation and, as one of the conditions of probation, ordered him to reimburse the county certain

sums toward the cost of counsel. The same procedure was followed as to Mallobox and Rivera; they were also ordered to reimburse the county for cost of counsel as a condition of probation.

Penal Code section 987.8, added by Statutes in 1971, provides *upon conclusion of criminal proceedings in the trial court,* the court shall determine the defendant's present ability to pay counsel's cost in instances where counsel is furnished him. If the court determines the defendant has the present ability to pay in whole or in part, it shall make an order so providing, with execution on the order the same as in civil cases, but not by contempt.

 Here, before the cases were concluded the trial court ordered, as part of probation, the payments in question. This was improper. Moreover, the imposition of reimbursement for the costs of appointed counsel as a condition of probation is constitutionally proscribed as an impediment to the free exercise of a Sixth Amendment right (*In re Allen,* 71 Cal.2d 388, 391-392 [78 Cal.Rptr. 207, 455 P.2d 143]; *In re Ricky H.,* 2 Cal.3d 513, 523 [86 Cal.Rptr. 76, 468 P.2d 204]).[1]

The invalid condition does not affect the other valid conditions, and it may be severed from them (*In re Allen, supra,* 71 Cal.2d 388, 394).

In each case the superior court is directed to modify the order granting probation by deleting the requirement of reimbursing the county for court-appointed counsel, and as modified, each judgment is affirmed.

Ault, J., and Cologne, J., concurred.

A petition for a rehearing was denied October 3, 1972, and respondent's petition for a hearing by the Supreme Court was denied November 9, 1972.

---

[1]Even if Penal Code section 987.8 purported to authorize courts to impose reimbursement as a condition of probation, which it does not, it would be ineffective in the face of the constitutional mandate.