[No. D004036. Fourth Dist., Div. One. Sept. 23, 1986.]

In re ANTOINE C., a Minor, on Habeas Corpus.

## COUNSEL

Lloyd M. Harmon, Jr., County Counsel, Daniel J. Wallace, Chief Deputy County Counsel, and Susan A. Crabtree, Deputy County Counsel, for Appellant.

Michele Sacks Lowenstein, under appointment by the Court of Appeal, for Respondent.

## OPINION

WIENER, J.—In 1977 the California Supreme Court held in *In re Roger S.* (1977) 19 Cal.3d 921 [141 Cal.Rptr. 298, 569 P.2d 1286] that minors 14 years of age and older must be afforded certain due process rights when the minor's parents seek to admit the minor into a state psychiatric hospital. The minor's potential loss of liberty "requires that the person receive a hearing after adequate written notice of the basis for the proposed action; an opportunity to appear in person and to present evidence in his own behalf; the right to confrontation by, and the opportunity to cross-examine, adverse witnesses; a neutral and detached decision maker; findings by a preponderance of the evidence; and a record of the proceeding adequate to permit meaningful judicial appellate review. [Citations.]" (*In re Roger S., supra,* at pp. 937-938.) The court also stated, "Inasmuch as a minor may be

presumed to lack the ability to marshal the facts and evidence, to effectively speak for himself and to call and examine witnesses, or to discover and propose alternative treatment programs, due process also requires that *counsel* be provided for the minor. [Citations.]" (At p. 938; italics supplied.)

In 1984 the San Diego County Superior Court adopted Rules for Lanterman-Petris-Short Mental Health Matters (LPS Rules). The procedures which must be followed when a minor is to be hospitalized in a public facility for treatment or evaluation of a mental disorder are contained in appendix II of those rules. When a hearing becomes necessary, the hearing officer must appoint counsel, a minor's rights advisor, for the minor. (LPS Rules, App. II, rule V, subd. (d)(1).) A minor's rights advisor is not a lawyer.[1]

■ Antoine C. successfully argued to the superior court that his being furnished a nonlawyer advisor violated *Roger S*. The trial court decided, and we believe correctly, that when the Supreme Court used the word "counsel" to describe the minor's rights of due process in precommitment hearings, the Supreme Court meant attorney.

Drawing on United States Supreme Court precedent describing why the concept of due process requires flexibility and informality in its application (see *Gagnon* v. *Scarpelli* (1973) 411 U.S. 778 [36 L.Ed.2d 656, 93 S.Ct. 1756]) and the wisdom of using nonlawyer advisors who unlike lawyers have mental health expertise to assist in the recommendation of alternative programs for the minor, the county contends "counsel" means nonlawyers. The county also argues that since this case is analogous to the certification review hearing under Welfare and Institutions Code section 5250 et seq. governing the review of orders certifying a person for intensive treatment because of a mental disorder or chronic alcoholism, the Legislature's use of the nonlawyer advocate under Welfare and Institutions Code section 5256.4 can be used as support for the county's decision to use a nonlawyer minor's rights advisor.

As thoughtful as these arguments may be we find our role more circumscribed than the county might like. ■ In our intermediate appellate capacity we cannot rewrite binding California Supreme Court precedent. (*Auto Equity Sales, Inc*. v. *Superior Court* (1962) 57 Cal.2d 450 [20 Cal.Rptr. 321, 369 P.2d 937].) ■ And even though an attorney may

---

[1]LPS Rules, App. II, rule 1, subdivision (e) defines a minor's rights advisor as: "[A] designated Title IX patient's rights advocate or such other persons as may be designated by the local mental health director to assure that the minors are informed of their right to preadmission hearings and to assure that minors who waive the right to a hearing have done so freely, voluntarily, and intelligently . . . ."

not be required because of due process considerations as interpreted by the United States Supreme Court (see *Parham* v. *J. R.* (1979) 442 U.S. 584 [61 L.Ed.2d 101, 99 S.Ct. 2493]; and *Sec. of Pub. Welf.* v. *Institutionalized Juveniles* (1979) 442 U.S. 640) the California Supreme Court may adopt standards which afford greater due process than is required under the United States Constitution. (See *In re Love* (1974) 11 Cal.3d 179, 189 [113 Cal.Rptr. 89, 520 P.2d 713].)

■■■■ If the matter had been left to us it is possible we might have emulated the Legislature and permitted the use of a nonlawyer advocate at the minor's precommitment hearing. Our limited function here, however, is to determine whether the *Roger S.* court intended "counsel" to be synonymous with "attorney."

In common parlance courts and lawyers invariably use "counsel" and "attorney" interchangeably. In our legal milieu "right to counsel" is generally regarded as a right to have an attorney. When we think of *Miranda*'s right to counsel,[2] we think of the constitutional right to have an attorney, not some sophisticated advisor with expertise in the subtleties of jailhouse police interrogation. Our collective experiences have taught us that "[t]erms such as 'attorney,' 'counselor at law,' 'counselor' or 'attorney and counselor at law' have no special significance . . . and are generally considered synonyms for attorney at law." (7 Cal.Jur.3d, Attorneys at Law, § 1, p. 255.)

With this collective mental set we believe that if the California Supreme Court intended "counsel" to mean something other than "attorney" it would have said so. Our conclusion is reinforced by the authorities cited by the California Supreme Court in reaching its conclusion. There is nothing in *Gagnon* v. *Scarpelli, supra,* 411 U.S. 778 at pp. 790-791 [36 L.Ed.2d 656 at p. 666], *In re Gault* (1967) 387 U.S. 1, at p. 36 [18 L.Ed.2d 527 at p. 551]; *Gee* v. *Brown* (1975) 14 Cal.3d 571 [122 Cal.Rptr. 231, 536 P.2d 1017] or *In re Ricky H.* (1970) 2 Cal.3d 513 [86 Cal.Rptr. 76, 468 P.2d 204] which suggests that a right to counsel means anything other than the right to an attorney.

■■■■ Local court rules must comply with law. (Code of Civ. Proc. § 575.1; see also *Iverson* v. *Superior Court* (1985) 167 Cal.App.3d 544, 547-548 [213 Cal.Rptr. 399].) ■■■■ Because the local rules here conflict with *Roger S.* they cannot be used as the reason to deny Antoine C. his right to an attorney.

[2]See *Miranda* v. *Arizona* (1966) 384 U.S. 436 [16 L.Ed.2d 694, 86 S.Ct. 1602, 10 A.L.R.3d 974].

## DISPOSITION

Judgment affirmed.

Kremer, P. J., and Butler, J., concurred.