214 Cal.App.3d 1619 (1989)
263 Cal. Rptr. 369
In re JESSE V., a Person Coming Under the Juvenile Court Law.
THE PEOPLE, Plaintiff and Respondent,
v.
ANNA A., Defendant and Appellant.
Docket No. F011203.
Court of Appeals of California, Fifth District.
October 30, 1989.
*1621 COUNSEL
Jan L. Gardiner, under appointment by the Court of Appeal, for Defendant and Appellant.
John K. Van de Kamp, Attorney General, Richard B. Iglehart, Chief Assistant Attorney General, Arnold O. Overoye, Michael J. Weinberger and Roger E. Venturi, Deputy Attorneys General, for Plaintiff and Respondent.
OPINION
FRANSON, P.J. 

STATEMENT OF THE CASE
On August 24, 1988, a Welfare and Institutions Code section 602[1] petition was filed charging appellant Anna A.'s son, Jesse V., with taking a vehicle without the owner's consent, driving under the influence, evading a peace officer and driving without a valid license. On August 28, 1988, Jesse turned 18 years old.
A jurisdictional hearing was held September 2, 1988, before a juvenile court referee. Appellant was advised of and waived her right to separate counsel, and counsel was appointed to jointly represent Jesse and appellant. Jesse admitted three of the six counts charged and was declared to be a person described by section 602.
At the dispositional hearing, the referee found that Jesse's welfare required he be removed from his parents' custody. Jesse was adjudged a ward *1622 of the court, granted probation and committed to Camp Erwin Owen for a period not to exceed 16 months. Appellant was ordered to reimburse the county for Jesse's medical and dental expenses, plus $105 per month support beginning September 20 and for legal services in the amount of $150.

DISCUSSION
Appellant contends she cannot be held liable for Jesse's support and legal expenses because Jesse was 18 at the time of the dispositional hearing.
Section 903 provides, in part: "A parent of a minor, the estate of a parent, and the estate of the minor, shall be liable for the reasonable costs of support of the minor while the minor is placed, or detained in, or committed to, any institution or other place pursuant to an order of the juvenile court. The liability of these persons and estates shall be a joint and several liability."
(1) Under this section, a county may seek reimbursement from the parents of a minor child, who is declared a ward of the court pursuant to section 602, for the reasonable costs expended for the support and maintenance of the minor while placed outside the family home. (County of San Mateo v. Dell J. (1988) 46 Cal.3d 1236, 1250 [252 Cal. Rptr. 478, 762 P.2d 1202].) This right to seek reimbursement is based on the parents' preexisting support obligation. (County of Alameda v. Espinoza (1966) 243 Cal. App.2d 534, 545-548 [52 Cal. Rptr. 480].) In the absence of such a support obligation, enforcement would be precluded by equal protection principles. (County of San Mateo v. Dell J., supra, 46 Cal.3d 1236, 1252.)
(2a) Appellant argues that because section 903 refers to a "minor," it is inapplicable to an 18-year-old ward of the juvenile court. The term "minor" is not defined in the Welfare and Institutions Code. Appellant therefore relies on the Civil Code definition of minors as "all persons under 18 years of age." (Civ. Code, § 25.) Respondent contends the term "minor" as used in the Welfare and Institutions Code should be interpreted to mean "all wards of the juvenile court, or as fixed at the time of the offense, or as not coming within the term minor, but still falling within the parent's duty to support their adult child in need."
Section 903 refers only to a "minor" whereas another section of the Welfare and Institutions Code, section 902, states it applies to "a ward, dependent child, or other minor person." Not including "a ward or dependent child" in section 903 indicates the Legislature did not intend the term "minor" to apply to "all wards of the juvenile court" as suggested by *1623 respondent. Rather, the implication is that the term "minor" was used in section 903 in the traditional sense, i.e., a person under 18 years of age.
Respondent's argument that the child's status as a minor for purposes of section 903 should be fixed at the time of the offense must also be rejected. The statute refers to the costs of support of the minor while the minor is "placed, or detained in, or committed to, any institution or other place" indicating the ward must be a minor while placed outside the family home. Further, as noted above, the validity of section 903 is dependent on the existence of a support obligation. In general, once the child turns 18, this support obligation ends.
Civil Code section 196 provides that "The father and mother of a child have an equal responsibility to support and educate their child in a manner suitable to the child's circumstances, taking into consideration the respective earnings or earning capacities of the parents." Although this section refers to "child," it has historically been construed to mean "minor child." (Jones v. Jones (1986) 179 Cal. App.3d 1011, 1016 [225 Cal. Rptr. 95].) The obligation of Civil Code section 196 applies to a child over 18 in only one situation. (Ibid.) Under Civil Code section 196.5, the support obligation continues as to an unmarried child who is a full-time high school student and resides with a parent until the child either completes the 12th grade or reaches the age of 19, whichever occurs first. Jesse was not in high school at the time of the dispositional hearing. Thus, appellant has no obligation to support Jesse under Civil Code section 196. Consequently, the fact that Jesse was under 18 when he committed the offense does not make appellant liable for his support under section 903.
Finally, respondent contends appellant has a duty to support Jesse as an adult child in need. Civil Code section 206 provides that "It is the duty of the father, the mother, and the children of any person in need who is unable to maintain himself by work, to maintain such person to the extent of their ability." (3) This section imposes upon parents a duty to support their child even after the child reaches the age of majority based on the rationale of protecting the public from the financial burden of supporting an individual whose parents are able to provide the necessary support. (Jones v. Jones, supra, 179 Cal. App.3d 1011, 1014.) However, courts have traditionally found that the requisite inability to be self-maintaining by work requires the child to demonstrate an inability to be self-supporting because of a mental or physical disability or proof of inability to find work because of factors beyond the child's control. (Id. at pp. 1014-1015.) (2b) There is no indication that Jesse is either physically or mentally disabled. Further, a child does not become a ward of the juvenile court because of factors beyond his control. The child must violate a law or ordinance. (§ 602.) Thus, Jesse is *1624 not a "person in need" under Civil Code section 206. To hold otherwise could lead to absurd results. It was surely not intended that incarceration alone would trigger the support obligation under Civil Code section 206.
Similarly, Civil Code section 242 provides that every individual shall support his or her child. In this context, "child" is defined as "a son or daughter under the age of 18 years and a son or daughter of whatever age who is incapacitated from earning a living and without sufficient means." (Civ. Code, § 241, subd. (d).) This duty is subject to the provisions of Civil Code sections 196 and 206. (Civ. Code, § 242.) "Incapacitated from earning a living" is synonymous with "unable to maintain himself by work." Thus, for the same reasons Jesse is not a "person in need" under Civil Code section 206, he is also not a "child" under Civil Code section 242. In sum, appellant is not liable for Jesse's medical, dental and other support expenses under section 903 by virtue of Jesse's being 18 years old.
(4) Appellant was also ordered to reimburse the county for legal expenses in the amount of $150. Under section 903.1, "The father, mother, spouse, or other person liable for the support of a minor, the estate of such a person, and the estate of the minor, shall be liable for the cost to the county of legal services rendered to the minor" pursuant to a juvenile court order. This liability is based on a preexisting obligation to provide reasonable and necessary support to the minor. (In re Ricky H. (1970) 2 Cal.3d 513, 521 [86 Cal. Rptr. 76, 468 P.2d 204].) Thus, a parent's liability under section 903.1 also ends when the child turns 18. Here, Jesse was 18 when counsel was appointed to represent him. Thus, appellant is not liable for Jesse's legal expenses.
Respondent contends that, because appellant waived separate counsel and one attorney was appointed to represent both Jesse and appellant, the $150 represents the fee for her own legal representation. However, although a minor has an absolute right to a court-appointed attorney, a parent does not possess such right. (In re Robert W. (1977) 68 Cal. App.3d 705, 716 [137 Cal. Rptr. 558].) Under section 634, the court has discretionary authority to appoint counsel for a parent who "desires counsel but is unable to afford and cannot for that reason employ counsel." Thus, counsel will not be appointed for a parent unless the parent is indigent. When it appears that a parent is able but unwilling to retain counsel for his or her child or when there is a conflict of interest between the parent and the child such that the attorney employed by the parent could not properly represent both, then the court is required to appoint counsel for the child at the parent's expense. (§ 634; Dana J. v. Superior Court (1971) 4 Cal.3d 836, 840, fn. 5 [94 Cal. Rptr. 619, 484 P.2d 595].) Since only an indigent parent will have counsel appointed and consequently will not be required to reimburse the *1625 county for his or her own legal expenses, the order to reimburse the county here must pertain to Jesse's legal expenses. As discussed above, appellant is not liable for these expenses. Appellant's waiver of separate counsel did not affect counsel's primary duty to represent Jesse. In juvenile court proceedings, the rights of the minor remain paramount in view of the serious consequences attending delinquency proceedings. (Dana J. v. Superior Court, supra, 4 Cal.3d 836, 839-840.)
In view of our decision, we need not discuss appellant's contention that she is entitled to a new dispositional hearing because of the absence of a reporter at the hearing below. Jesse has not appealed from the orders entered below, and because appellant's contentions on appeal have been decided in her favor, no rehearing is required.

DISPOSITION
The judgment is reversed insofar as the orders requiring appellant to reimburse the county for medical and dental expenses, support in the amount of $105 per month and legal services in the amount of $150. In all other respects, the judgment is affirmed.
Baxter, J., and Dibiaso, J., concurred.
NOTES
[1] All statutory references are to the Welfare and Institutions Code unless otherwise indicated.