Filed 4/18/14  In re Hector R. CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| In re HECTOR R., a Person Coming Under the Juvenile Court Law. | H039861<br>(Santa Clara County<br>Super. Ct. No. JV39358) |
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>HECTOR R.,<br><br>    Defendant and Appellant. | |

After a contested jurisdictional hearing, the juvenile court found that appellant Hector R. had committed one count of misdemeanor sexual battery (Pen. Code, §§ 242, 243.4, subd. (e)(1)).  The juvenile court adjudged appellant a ward of the court under Welfare and Institutions Code section 602 and placed him on probation.  On appeal, appellant contends that the juvenile court was not authorized to order him to reimburse the public defender.  We find no error and affirm the order.

## I. Statement of Facts

Between September 2011 and March 2012, appellant and the victim sat at the same table in Algebra class at Yerba Buena High School. Appellant touched the victim's breast over her clothes on over 20 occasions during class. Appellant also made sexual comments to her.

## II. Discussion

Appellant contends that the juvenile court was not authorized to order him to reimburse the public defender for legal services. He maintains that the juvenile court ordered reimbursement "apparently as a condition of probation."

Welfare and Institutions Code section 903.1, subdivision (a) states in relevant part: "The father, mother, spouse, or other person liable for the support of a minor, the estate of that person, and the estate of the minor, shall be liable for the cost to the county or the court, whichever entity incurred the expenses, of legal services rendered to the minor by an attorney pursuant to an order of the juvenile court." As the California Supreme Court observed, this statute is "merely declarative of the parents' preexisting obligation to provide reasonable and necessary support to their minor children, and to reimburse third persons providing that support upon the parents' failure to do so. [Citation.]" (*In re Ricky H.* (1970) 2 Cal.3d 513, 521.)

At the dispositional hearing, the juvenile court found that the probation officer's recommendations were "appropriate and in the minor's best interest. They will be adopted as the order of disposition with the changes that we've noted. Those are incorporated by reference and made a part of the court's order."[1] Thus, the juvenile court ordered, among other things, that appellant and his parents pay a restitution fine of $55

---

[1] The probation officer had recommended the following changes: the general fund fine and penalty assessment was $76, not $70, and a gang association probation condition was added.

and a general fund fine and penalty assessment of $76. The recommendations adopted by the juvenile court also required appellant and his parents to appear before the Department of Revenue within 30 days for an evaluation of the ability to pay the fines, penalty assessments and other reimbursable costs.

The juvenile court then asked the public defender how many appearances he had made in the case. He replied six. The juvenile court assessed attorney's fees: "For those six appearances, the Court will assess attorney's fees, set those at $300. So the minor's parents and minor are ordered to Department of Revenue within 30 days to arrange for payment of those fees and any other fines[,] fees[,] penalty assessments[,] restitution or *cost permitted by law*." (Italics added.) Since appellant's reimbursement for attorney's fees is not permitted by law, appellant was ordered only to appear for an evaluation of his ability to pay fines and penalty assessments. Moreover, the minute order, which was signed by the juvenile court, specifically states that appellant's *parents* were required to appear before a financial officer for an evaluation of their ability to pay attorney's fees. Thus, the record establishes that the juvenile court did not order appellant to pay attorney's fees.[2]

### III. Disposition

The order is affirmed.

---

[2] Since the juvenile court did not order appellant to pay attorney's fees, we need not consider his remaining contentions.

_____
Mihara, J.

WE CONCUR:


_____
Bamattre-Manoukian, Acting P. J.



_____
Grover J.

4