[Civ. No. 37152. First Dist., Div. Four. Nov. 10, 1975.]

HAROLD ROGERS, Plaintiff and Appellant, v.
ROBERT ULRICH, Defendant and Respondent.

## COUNSEL

Harold Rogers, in pro. per., and Richard A. Arzino for Plaintiff and Appellant.

Richard J. Wylie, F. Kinsey Haffner and Wylie, Leahy, Blunt & McBride for Defendant and Respondent.

## OPINION

**CHRISTIAN, J.**—Harold Rogers appeals from a judgment for the defense, rendered pursuant to Code of Civil Procedure section 631.8, in this action for damages for recordation of a telephone conversation. Appellant sought damages from the City of San Jose and from Robert Ulrich because Ulrich, a city employee, had tape recorded, and allowed other persons to hear, portions of a telephone conversation between Rogers and Ulrich. In appellant's first cause of action it was alleged that Ulrich had wrongfully recorded and disseminated the conversation, causing general damages in the amount of $50,000. It was also alleged that a claim therefor had been presented to defendant city and rejected. A second cause of action restated all the factual allegations of the first, and set out a claim that because the conversation had been recorded without Rogers' knowledge the incident amounted to wiretapping as defined by Penal Code section 631; a statutory penalty in the amount of $3,000 was sought under Penal Code section 637.2.

Ulrich moved for summary judgment; the court granted the motion as to the first cause of action but denied it as to the second. The city also moved for summary judgment; the court ruled as it had with respect to Ulrich's motion on the first cause of action and in addition granted partial summary judgment on the second, determining that the city could only be held liable for Rogers' actual damages, if any, and not for any damages under Penal Code section 637.2.

On December 23, 1974, Ulrich amended his answer to set forth an affirmative defense to any liability under Penal Code section 632 (eavesdropping on or recording confidential information) even though a cause of action for violation of that section had not yet been pleaded by Rogers. Immediately prior to the beginning of trial on January 14, 1975, Rogers' attorney orally requested leave to amend the complaint to allege violation of Penal Code section 632 instead of section 631; no proposed amendment was submitted, and the request was denied. At the close of Rogers' case, defendants moved for judgment pursuant to Code of Civil Procedure section 631.8; Rogers again requested leave to amend his complaint, still without submitting a proposed amendment. Rogers' request was denied and the court rendered judgment in favor of defendants.

Early in 1973, Rogers, then a candidate for the San Jose City Council, had requested free use of the city council chambers for a meeting of an organization, "Taxpayers Unanimous," of which he was president. He was told that he would have to submit a written request on a form supplied by the city. Ulrich, public information officer for the city, was in charge of determining the use of the chambers by private groups. Ulrich became concerned when the form which had been sent to Rogers was not returned. He telephoned Rogers to notify him that according to a written policy statement of the city council, Rogers' organization apparently did not qualify for free use of the chambers. Unknown to Ulrich, the policy in question had recently been revised, and Rogers' organization in fact qualified. During the course of the conversation, Rogers became increasingly angry. Ulrich testified that the tone of Rogers' remarks became steadily more threatening; the threats concerned having Ulrich removed from his job if he did not grant Rogers free use of the council chambers.

A tape recorder jack had recently been installed on Ulrich's telephone by the telephone company; Ulrich used the device to place calls to city officers concerning city activities, record the conversations, and then relay parts of these conversations, along with background commentary, to local radio stations for broadcast. As the conversation became threatening, Ulrich plugged in the recorder and preserved the latter part of the conversation on tape. The recorder did not have a "beeper," and Ulrich did not tell Rogers that he was recording the conversation.

After talking to Ulrich, Rogers called Vice Mayor Goglio and complained about his treatment by Ulrich. When Goglio later asked

Ulrich what he had told Rogers, Ulrich played part of the tape for Goglio "to establish the tenor of [Rogers'] remarks."

The next day, Goglio informed Rogers that he had listened to the tape. Rogers then called the managing editor of the San Jose Mercury newspaper, and asked him to run a story about the taping of the conversation; James Sullivan testified that when he was at Ulrich's home on a date shortly after the abovementioned newspaper story was published, Ulrich played the tape for him at his request.

■ Appellant contends that the court erred in granting defendants' motions for judgment, pursuant to Code of Civil Procedure section 631.8, with respect to the second cause of action (wiretapping—Pen. Code, § 631).[1] The question is whether the statute covers the recording of a conversation made by a participant rather than by a third party. The statute prohibits three ways of obtaining information being sent over a telephone or telegraph line: (1) tapping the line, (2) making an unauthorized connection with the line, and (3) reading, attempting to read, or learning the contents or meaning of a message while the message is in transit. As to the third method, a recording made by a participant does not intercept the message while it is in transit; the recording rather transcribes the message as it is being received. As to the first two methods, the key phrases, "taps" and "makes any unauthorized connection," are vague and nowhere defined. However, Penal Code section 630[2]

---

[1]Penal Code section 631:

"(a) Any person who, by means of any machine, instrument, or contrivance, or in any other manner, intentionally taps, or makes any unauthorized connection, whether physically, electrically, acoustically, inductively, or otherwise, with any telegraph or telephone wire, line, cable, or instrument, including the wire, line, cable, or instrument of any internal telephonic communication system, or who willfully and without the consent of all parties to the communication, or in any unauthorized manner, reads, or attempts to read, or to learn the contents or meaning of any message, report, or communication while the same is in transit or passing over any such wire, line, or cable, or is being sent from, or received at any place within this state; . . . is punishable by . . . fine and imprisonment . . . ."

[2]Penal Code section 630:

"The Legislature hereby declares that advances in science and technology have led to the development of new devices and techniques for the purpose of eavesdropping upon private communications and that the invasion of privacy resulting from the continual and increasing use of such devices and techniques has created a serious threat to the free exercise of personal liberties and cannot be tolerated in a free and civilized society.

"The Legislature by this chapter intends to protect the right of privacy of the people of this state. . . ."

is a declaration of legislative finding and intent; it speaks of preventing eavesdropping and other invasions of privacy, thus suggesting that participant recording was not meant to be included. "Eavesdropping" is the problem the Legislature meant to deal with; "eavesdrop" is defined in Webster's Seventh New Collegiate Dictionary (1972) as "to listen secretly to what is said in private." It is never a secret to one party to a conversation that the other party is listening to the conversation; only a third party can listen secretly to a private conversation. The trial court was right in determining that appellant's evidence did not make out a case under the statute.

■ Appellant contends that the court erred in refusing to grant him leave to amend his complaint (to allege a violation of Pen. Code, § 632) immediately prior to trial or at the close of his case. Whether such an amendment should be allowed rests in the sound discretion of the trial court. ■ Refusal to allow amendment after a long, unexplained delay or on the eve of trial or where there is a lack of diligence does not constitute an abuse of discretion. (*Permalab-Metalab Equipment Corp.* v. *Maryland Cas. Co.* (1972) 25 Cal.App.3d 465, 472 [102 Cal.Rptr. 26].) ■ In the present case, appellant waited about a year and a half before orally requesting leave to amend his complaint immediately prior to trial.

Even if appellant had been allowed to amend his complaint, it has not been shown that the facts newly alleged would have made out a cause of action under Penal Code section 632.[3] The section arguably goes beyond the scope of section 631 in prohibiting not only eavesdropping, but also the recording of a confidential communication without the consent of all parties to the communication. But appellant has not shown how he could allege that a communication with a public employee, concerning public business such as the use of the council chambers for a meeting, could be

---

[3] Penal Code section 632:

"Every person who, intentionally and without the consent of all parties to a confidential communication, by means of any electronic amplifying or recording device, eavesdrops upon or records such confidential communication, whether such communication is carried on among such parties in the presence of one another or by means of a telegraph, telephone or other device, except a radio, shall be punishable by fine not exceeding two thousand five hundred dollars ($2,500), or by imprisonment in the county jail not exceeding one year, or by imprisonment in the state prison not exceeding three years, or by both such fine and imprisonment in the county jail or in the state prison. . . ."

confidential within the meaning of the statute. The court's refusal to grant leave to amend the complaint did not constitute an abuse of discretion.

The judgment is affirmed.

Caldecott, P. J., and Emerson, J.,* concurred.

Appellant's petition for a hearing by the Supreme Court was denied January 28, 1976.

*Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.