[Crim. No. 9118. Third Dist. Feb. 23, 1978.]

THE PEOPLE, Plaintiff and Appellant, v.
ROBERT E. WYRICK III, Defendant and Respondent.

## COUNSEL

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, Arnold O. Overoye, Assistant Attorney General, Roger E. Venturi and Nelson P. Kempsky, Deputy Attorneys General, for Plaintiff and Appellant.

Robert E. Wyrick III, in pro. per., for Defendant and Respondent.

## OPINION

**EVANS, J.**—Defendant, an attorney, was charged by indictment with unlawfully recording a confidential communication without permission of both parties to the conversation. (Pen. Code, § 632.)

The trial court in Tehama County considered and granted defendant's motion to quash the indictment. Its order was made on two separate grounds: (1) the statute was unconstitutionally vague, and (2) it was not a recording of a confidential communication within the meaning of the statute. The People have appealed.

Briefly, the facts summarized reveal that a Tehama County sheriff's detective, while investigating allegations of possible misappropriation of funds, heard a tape cassette played by defendant of a telephone conversation between defendant, an attorney in Red Bluff, and the person allegedly involved in the misappropriation of funds from defendant's client. The portion played did not contain any statement by defendant to the person that the conversation was to be recorded nor did the cassette contain a consent from that person to have the conversation recorded.

The detective left defendant's office, and the following day secured a warrant and executed a search of defendant's office for the cassette recorder, tapes, and the telephone attachment. Seven cassettes, the

recorder, and the telephone attachment were seized and used as a basis for the indictment issued by the grand jury.

One of the tapes contained a conversation between defendant and Dr. Howard Graham. Dr. Graham testified before the grand jury that he neither was aware that the conversation was being recorded, nor had he consented to it, and that he considered the conversation to be confidential in nature.

I

 The trial court order dismissing the indictment ruled inter alia that Penal Code section 632[1] was unconstitutionally vague. The court enunciated the basis for its ruling as follows: "[I]t is a constitutional requirement that a statute [Pen. Code, § 632] proscribing conduct under criminal penalty shall be sufficiently clear to tell the citizen what it is that he's not to do, and that I am not quite clear from this statute whether a known recipient of a communication, who could hear it, remember it, take notes upon it, and have it stenographically recorded by a secretary, is committing a crime if he has it mechanically recorded by some form of electronic device; in other words, whether, assuming the same communication, the same recipient, and the same surrounding circumstances, a crime is committed by the use of an electronic recorder, whereas it would be no crime by any other method of taking note of the communication involved."

The trial court's reasoning fails. When called upon to determine the validity of a legislative enactment, courts must attempt to ascertain the intent of the Legislature in order to effectuate the purpose of the law. (*Moyer* v. *Workmen's Comp. Appeals Bd.* (1973) 10 Cal.3d 222, 230 [110 Cal.Rptr. 144, 514 P.2d 1224].) In making that determination, courts should first review the language of the statute to determine that purpose, and are required to give effect to statutes according to the usual and

---

[1]Section 632 of the Penal Code provides in relevant part as follows: "(a) Every person who, intentionally and without the consent of all parties to a confidential communication, by means of any electronic amplifying or recording device, eavesdrops upon or records such confidential communication, whether such communication is carried on among such parties in the presence of one another or by means of a telegraph, telephone or other device, except a radio, shall be punishable by fine . . . or by imprisonment . . . .

"(b) The term 'person' includes an individual, business association, partnership, corporation, or other legal entity, and an individual acting or purporting to act for or on behalf of any government or subdivision thereof, whether federal, state, or local, but excludes an individual known by all parties to a confidential communication to be overhearing or recording such communication."

ordinary meaning of the language used. (*People* v. *Knowles* (1950) 35 Cal.2d 175, 182 [217 P.2d 1].) Unless the unconstitutionality of a statute clearly and unmistakably appears, its validity must be upheld. Neither difficulty in ascertaining the meaning of a statute or the fact that it is susceptible of different interpretations will render it invalid. (*People* v. *Anderson* (1972) 29 Cal.App.3d 551, 561 [105 Cal.Rptr. 664].)

The constitutional requirement of definiteness requires that the terms of the statute give a person of ordinary intelligence fair notice that his conduct is forbidden. If the statute may be made definite by a reasonable construction of its terms, courts reviewing that statute must give it that construction. (*United States* v. *Harriss* (1954) 347 U.S. 612, 617-618 [98 L.Ed. 989, 996, 74 S.Ct. 808].) ▮ Our review of the statute reveals little, if any, ambiguity. By the terms of Penal Code section 632, the recording by one party to a confidential telephone conversation is prohibited unless the other party has knowledge that the conversation is to be recorded and consents thereto. (See *Forest E. Olson, Inc.* v. *Superior Court* (1976) 63 Cal.App.3d 188 [133 Cal.Rptr. 573].)

The question raised by the trial court whether the statute makes it a crime to secretly record a conversation, which the recorder could hear, remember, and later have stenographically recorded from memory and notes, must be answered in the affirmative. The statute makes it a crime to secretly record, not to remember, take notes, or later stenographically summarize that recollection.

Although the parties have not cited or referred us to the use of similar proscriptive statutes in other jurisdictions, we find that California has joined a majority of the states, each of which has in some way proscribed by statute telephonic wiretapping or eavesdropping. (Sen. Subcom. on Administrative Practices and Procedure of Judiciary Com., Laws Relating to Wiretapping and Eavesdropping (1966) pp. 28-61.) However, we have been unable to find any statutes of other jurisdictions utilizing identical language to that used in Penal Code section 632, but we do discern a constant theme in each, that is, a legislative desire, within constitutional limits, to protect individual rights to privacy of those utilizing the telephone as a means of communication. (See *Commonwealth* v. *McCoy* (1971) 442 Pa. 234 [275 A.2d 28]. See also *People* v. *Kurth* (1966) 34 Ill.2d 387 [216 N.E.2d 154, 20 A.L.R.3d 1409].)

Our statute plainly states the proscribed conduct; and when measured by the standard of a person of ordinary intelligence, it does not suffer the constitutionally prohibited defect of vagueness.

## II

As a separate factual basis for granting defendant's motion to set aside the indictment, the trial court ruled that the conversation recorded between defendant and Dr. Graham was not considered or intended by the doctor to be confidential[2] within the meaning of the statute.

The evidence presented on appeal fails to support inferentially or directly that determination. We have conducted our appellate review, having in mind prior limitations placed upon the courts when considering a motion to set aside an indictment or information. (Pen. Code, § 995.)

■ The trial court or reviewing court may not set aside an indictment if there is a reasonable basis for assuming a possibility that an offense has been committed and that the defendant may be guilty of the charge. When considering the motion (Pen. Code, § 995), the defendant's guilt or innocence is not before the court nor is the court concerned with the question of evidence necessary to sustain a conviction. The court need only consider and determine whether the grand jury, acting reasonably, could conscientiously entertain a suspicion that defendant had committed a public offense. Every legitimate inference that may be drawn from the evidence presented must be drawn in favor of the indictment. (See *Caughlin* v. *Superior Court* (1971) 4 Cal.3d 461, 464 [93 Cal.Rptr. 587, 482 P.2d 211]; *People* v. *Hall* (1971) 3 Cal.3d 992, 996 [92 Cal.Rptr. 304, 479 P.2d 664]; *Rideout* v. *Superior Court* (1967) 67 Cal.2d 471, 474 [62 Cal.Rptr. 581, 432 P.2d 197].)

The following competent and uncontradicted evidence was presented to the grand jury upon which they could have based their conclusion. Dr. Graham testified that he considered his conversation with defendant to be confidential. The recording of the telephone conversation between defendant and the doctor was complete; that is it was a recording from

---

[2]Penal Code section 632, subdivision (c), provides a legislative definition of the term "confidential communication" and in relevant part provides as follows: "(c) The term 'confidential communication' includes any communication carried on in such circumstances as may reasonably indicate that any party to such communication desires it to be confined to such parties, . . ."

commencement (telephone ringing) to conclusion. The defendant did not at any time inform Dr. Graham that he was recording the lengthy conversation; Dr. Graham testified that he did not consent to the recording of the conversation which he considered to be confidential in nature.

■ We do not mean to read into the statute a requirement that the subjective expectations of the parties concerning the subject matter of the conversation be shown. Although we have reviewed the content of Dr. Graham's testimony, which shows unequivocally that he considered the telephone conversation to be confidential, we emphasize that section 632 explicitly covers "*any* communication" carried on in specified circumstances, regardless of content. The focus of the trial judge upon the subjective expectations of the parties, as those expectations bore upon probable recommunication of the content of the conversation, was thus error.

■ Moreover, defendant was recording without consent a telephonic conversation with a physician who had previously refused to assist defendant in his attempts to settle a personal injury case, and who had previously refused to accept defendant as a patient. Such a conversation without more may be considered as a " 'confidential communication' . . . carried on in such circumstances as may reasonably indicate . . . [a] party to such communication" would expect it to be confidential.

In *Forest E. Olson, Inc.* v. *Superior Court, supra,* 63 Cal.App.3d 188, the appellate court determined that the intent of Penal Code section 632 was to prohibit not only eavesdropping but also to prohibit unconsented recordation by one party to a telephonic conversation. At page 191, the court held, "We thus conclude that a participant to a telephonic communication is exempted from the prohibition against recording such communication only if the other participant to the communication knows that it is being recorded."

Thus, the evidence presented to the grand jury provided a sufficient basis for its determination that the defendant had violated the provisions of Penal Code section 632.

The order granting the motion setting aside the indictment is reversed.

Janes, J., concurred.

**FRIEDMAN, Acting P. J.**—I concur in the result. Defendant's brief on appeal indulges in a cursory and diffuse void-for-vagueness attack on Penal Code section 632. The attack is not supported by verbal analysis, pointed argument or research among constitutional precedents. The statute is presumptively constitutional. (*In re Ricky H.*, 2 Cal.3d 513, 519 [86 Cal.Rptr. 76, 468 P.2d 204].) Defendant has failed to overcome the presumption of constitutionality.

A petition for a rehearing was denied March 17, 1978, and the opinion was modified to read as printed above. Respondent's petition for a hearing by the Supreme Court was denied April 19, 1978.