# Applicability of the California Penal Code to Investigations Conducted by the Federal Bureau of Investigation

A federal law enforcement officer who must violate state criminal law in the course of performing his official duty is immune from criminal prosecution and civil liability stemming from such a violation.

An informer may claim immunity from civil liability under state law by virtue of the Supremacy Clause, and it would be unwise to base an informer's defense on sovereign immunity, given the potential for government liability if the informer's actions were to be characterized as those of a government employee.

November 5, 1981

## MEMORANDUM OPINION FOR THE ASSISTANT ATTORNEY GENERAL, CRIMINAL DIVISION

This responds briefly to your request for the views of this Office on your proposed response to the Federal Bureau of Investigation's (FBI's) request for the Department's views on the applicability of the California Penal Code to investigations conducted by the FBI involving electronic monitoring and recording of a confidential communication with the consent of one party to the conversation. FBI Legal Counsel has raised the question whether criminal or civil liability could be imposed on agents, informers, or cooperating third parties for invasion of privacy under §§ 630–637.2 of the California Penal Code. We concur in your conclusion that no federal officer, or cooperating party under his or her direction,[1] acting in compliance with applicable federal law on electronic monitoring and recording, could be held liable under state law.

California penal law prohibits wiretapping and prohibits electronic recording of conversations where it reasonably appears that any party intended the communication to be confined to the parties. *See* Cal. Penal Code §§ 631, 632 (West 1970 and Supp. 1981). The state courts have apparently uniformly construed the penal code to prohibit one party to a confidential communication from recording that conversation without the knowledge or consent of the other party. *See, e.g., Forest E. Olson, Inc.* v. *Superior Court,* 63 Cal. App. 3d 188, 133 Cal. Rptr. 573

---

[1] We include both informers and third parties cooperating for the purpose of the monitoring or recording

(1976). A civil remedy and minimum damages award of $3,000 are also provided for violations of these prohibitions, see Cal. Penal Code § 637.2 (West 1970).

Section 633 provides an exemption for certain state law enforcement officers and persons acting pursuant to their direction. In an opinion of the California Attorney General, in the context of other state law enforcement officers, this exemption was construed to be limited to the officers specifically identified. 55 Op. Cal. Att'y Gen. 151 (1972). The FBI questioned, therefore, whether the exemption, which does not expressly include federal officers, would be unavailable to federal officers or cooperating parties, who might then be held criminally or civilly liable.

You have responded that, in addition to the legislative history of Title III of the Omnibus Crime Control and Safe Streets Act of 1968, 18 U.S.C. §§ 2510–2518, the case law indicates that a federal investigator would be immune from state criminal prosecution in consensual monitoring situations notwithstanding the more restrictive requirements of California law. We agree. This Office has repeatedly maintained that federal law enforcement officers who must violate state criminal law in the course of performance of their official duties could maintain a defense based upon the supremacy of a proper federal law enforcement function. *In re Neagle,* 135 U.S. 1, 75 (1890); *Clifton* v. *Cox,* 549 F.2d 722 (9th Cir. 1977). When the federal law enforcement operation requires the use of an informer or other cooperating party, our opinions have treated this party as sharing in the officer's immunity.

With regard to civil liability imposed under California law for violation of the penal code, you have also concluded that the federal officer or a person acting under his or her direction would not be personally liable. Again, we agree that the officer would be immune. In addition to the same defense based on the Supremacy Clause,[2] a federal official is shielded by sovereign immunity when sued for civil damages for actions committed "within the outer perimeter of [the official's] line of duty." *Barr* v. *Matteo,* 360 U.S. 564, 575 (1959); *cf. Clifton* v. *Cox,* 549 F.2d at 726–28. The officer's compliance with federal wiretapping law would meet this standard.

The immunity of the cooperating party in a civil action presents an additional consideration. Your memorandum concludes that the cooperating party would in all likelihood be found to be a "government agent" immune from criminal prosecution and that similar reasoning would seem to exempt him or her from civil liabililty under the *Barr-Clifton* line of cases. It is true, as your memorandum points out, that informers have been treated as government agents for purposes of certain constitutional principles limiting government action, *see, e.g.,*

---

[2] The Supremacy Clause defense is not limited to the criminal context. Our prior opinions have recognized that the defense would be available, for example, in a state bar disciplinary proceeding.

*Hoffa* v. *United States,* 385 U.S. 293, 307 (1966); *United States* v. *Cella,* 568 F.2d 1266, 1282 (9th Cir. 1977), *United States* v. *Upton,* 502 F. Supp. 1193, 1196 n.1 (D.N.H. 1980). But to assert that, in addition the immunity from liability under state civil law granted by virtue of the Supremacy Clause, the informer is clothed with the government's own immunity from civil damages, might raise the question whether the government itself would be liable for the actions of informers in circumstances where the government has waived its sovereign immunity to suit under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 2671–2680, for the actions of its officers and employees.

This Office has thus far resisted the conclusion that informers are government employees within the meaning of the FTCA. The Ninth Circuit, at least, has recently agreed. *Slagle* v. *United States,* 612 F.2d 1157, 1159–61 (9th Cir. 1980). At least where the same assurance of immunity can be provided to the cooperating party on Supremacy Clause grounds, we see no reason to raise the defense of sovereign immunity, given the potential for government liability for the informer's actions, if not on these facts, then on others, if the informer were to be characterized as an employee.

The FBI has also requested advice on the procedure that the Department would follow if an agent or cooperating party were named as a defendant in a state criminal prosecution or civil action. As your memorandum notes, the defense to a criminal prosecution could be asserted upon removal of the prosecution to federal court, *see* 28 U.S.C. § 1442(a)(1), or by application to a federal court for pretrial habeas corpus relief, *see* 28 U.S.C. § 2241(c)(2). The civil action could also be removed to federal court. 28 U.S.C. § 1442(a)(1). We note additionally that neither removal nor habeas corpus relief in cases involving cooperating parties would be dependent on the party's status as an employee. Removal, for example, is available to persons "acting under" an officer of the United States; habeas corpus relief may be granted to persons "in custody for an act done or omitted in pursuance of an Act of Congress." Thus procedurally as well as substantively the defense of sovereign immunity adds nothing to the full protection afforded to cooperating parties by the Supremacy Clause. With this slight reservation with respect to the reasoning of your memorandum, we concur.

THEODORE B. OLSON
*Assistant Attorney General*
*Office of Legal Counsel*