MEMORANDUM **
Andrew and Rebecca Thomasson (“the Thomassons”) appeal the district court’s grant of summary judgment to GC Services on their Fair Debt Collection Practices Act (“FDCPA”) and California Information Privacy Act (“CIPA”) claims. The Thomassons also appeal the district court’s denial of their motion to assess costs. Robert Arleo (“Arleo”), one of the Thom-assons’ attorneys, appeals the district court’s imposition of sanctions against him. We reverse the grant of summary judgment on the FDCPA claim, affirm the grant of summary judgment on the CIPA claim, and reverse the sanctions order against Arleo. We do not reach the question whether the district court properly denied the Thomassons’ costs motion.
The district court held that the Thomassons did not present sufficient evidence to raise a genuine issue of material fact about whether their calls were monitored, whether they failed to receive notice of this alleged monitoring, and whether unrecorded monitoring constituted a deceptive practice in violation of the FDCPA.[1] We disagree. The Thomassons presented deposition testimony and affidavits from both Andrew and Rebecca Thomasson with evidence that GC Services monitored the Thomassons’ calls without notification. The Thomassons also presented affidavits from eighteen other individuals whose calls had been monitored by GC Services, but who stated that they had not been notified of this monitoring.
The Thomassons also produced evidence supporting their claim that GC Services’ *559 failure to reveal that a call may be monitored is a deceptive practice in violation of the FDCPA. The statute provides, “A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.” 15 U.S.C. § 1692e. One such means is “[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.” 15 U.S.C. § 1692e(10). The Thomassons presented evidence that GC Services knew that consumers were more likely to discontinue their telephone calls with GC Services before revealing information about themselves and their debts if they were notified that their calls were being, or could be, monitored. From their evidence, the Thomassons argue that GC Services purposefully failed to notify debtors that their calls were being, or could be, monitored in order to “obtain information concerning a consumer.” Taking the evidence in the light most favorable to the Thomas-sons, we conclude that they have raised a factual dispute as to whether GC Services violated § 1692e.
The Thomassons have not stated a cause of action under CIPA. California Penal Code § 632(a) provides:
Every person who, intentionally and without the consent of all parties to a confidential communication, by means of any electronic amplifying or recording device, eavesdrops upon or records the confidential communication, whether the communication is carried on among the parties in the presence of one another or by means of a ... telephone ... shall be punished....
California courts interpret “eavesdrop,” as used in § 632, to refer to a third party secretly listening to a conversation between two other parties. Ribas v. Clark, 38 Cal.3d 355, 363, 212 Cal.Rptr. 143, 696 P.2d 637 (Cal.1985); Rogers v. Ulrich, 52 Cal.App.3d 894, 899, 125 Cal.Rptr. 306 (Cal.App.1975). “Person” is defined as “an individual, business association, partnership, corporation, limited liability company, or other legal entity....” Cal.Penal Code § 632(b).
There were only two parties to the telephone calls in this case: the Thomas-sons and GC Services. GC Services is one “person” under § 632. No third party listened in on the conversations between the Thomassons and GC Services. Therefore, GC Services’ alleged call monitoring cannot constitute eavesdropping, and cannot violate CIPA as a matter of law. See also California Public Utilities Commission, Re Monitoring of Telephone Conversations Rulemaking, 11 CPUC 2d 692 (1983) (“[M]onitoring is lawful, unlike wiretapping and certain classifications of conduct covered by Penal Code §§ 630 et seq.”).
The district court imposed sanctions against Arleo for the affidavit he filed in support of the Thomassons’ Ex Parte Application for Leave to File a Rule 59e Motion (“Ex Parte Application”). We construe the Ex Parte Application, and Arleo’s accompanying affidavit, as a motion for disqualification and for assignment to a different judge under 28 U.S.C. § 144. We vacate the district court’s sanctions against Arleo. Some of the words employed by Arleo in his affidavit were ill-chosen, but his conduct was not sanctionable in the context of a disqualification motion.
In light of our disposition, the Thomas-sons’ challenge to the award of costs is moot.
REVERSED in part, AFFIRMED in part. Each party to bear its own costs.

 This disposition is not appropriate for publication and is not precedent except as provided by 9 th Cir. R. 36-3.

. At the district court, the Thomassons also claimed that their calls were recorded. They dropped this claim on appeal.