**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DACIA THOMAS, individually and on behalf of all others similarly situated, | No. 24-3557 |
| Plaintiff - Appellant, | D.C. No. 3:22-cv-02012-DMS-MSB |
| v. | MEMORANDUM[*] |
| PAPA JOHN'S INTERNATIONAL, INC., doing business as Papa Johns, | |
| Defendant - Appellee. | |

| | |
|---|---|
| DACIA THOMAS, | No. 24-3834 |
| Plaintiff - Appellee, | D.C. No. 3:22-cv-02012-DMS-MSB |
| v. | |
| PAPA JOHN'S INTERNATIONAL, INC., | |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Dana M. Sabraw, District Judge, Presiding

Argued and Submitted June 10, 2025
Pasadena, California

Before: BYBEE, IKUTA, and FORREST, Circuit Judges.

Dacia Thomas appeals the district court's orders granting Papa John's International, Inc.'s motions to dismiss her first and second amended complaints under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Papa John's cross-appeals the district court's denial of its motion to dismiss for lack of personal jurisdiction. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Because Papa John's operates an interactive "website with national viewership and scope" that "appeals to, and profits from, an audience in" California, we reject Papa John's argument that it did not expressly aim its conduct at California. *Briskin v. Shopify, Inc.*, 135 F.4th 739, 754 (9th Cir. 2025) (en banc) (quoting *Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1231 (9th Cir. 2011)). Because Thomas also alleges that Papa John's uses its website to intentionally collect information that invades the privacy of users, knowing that any alleged harm will be suffered in California, the allegations satisfy the purposeful direction test. *Id.* at 751. And because Thomas's alleged privacy injuries arise out of or relate to Papa John's website's contacts with California, and Papa John's has not shown that the exercise of jurisdiction over it would be

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

unreasonable, Papa John's is subject to personal jurisdiction in California. *Id.* at 750–51.

Thomas's claim that Papa John's use of Session Replay Code violates the California Invasion of Privacy Act (CIPA) fails. Thomas alleged that Papa John's directly violated section 631(a) of the California Penal Code by "eavesdrop[ping] and learn[ing] the content of its users' communications." But a party to a conversation cannot be liable under section 631 for "eavesdropping" on its own conversation. *Rogers v. Ulrich*, 125 Cal. Rptr. 306, 309 (Ct. App. 1975). Thomas did not allege that Papa John's violated section 631 by aiding another party in eavesdropping. Accordingly, we affirm the district court's dismissal of Thomas's CIPA claim.

The district court properly dismissed Thomas's claim for intrusion upon seclusion. Thomas failed to plead a "highly offensive" violation under California common law. *See Hernandez v. Hillsides, Inc.*, 211 P.3d 1063, 1073 (Cal. 2009).

**AFFIRMED.**