[No. E007706. Fourth Dist., Div. Two. May 20, 1991.]

In re STEVEN A. et al., Minors.
RIVERSIDE COUNTY DEPARTMENT OF PUBLIC SOCIAL
SERVICES, Plaintiff and Respondent, v.
LORI A. et al., Objectors and Appellants.

**[Opinion certified for partial publication.\*]**

*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of parts II and III A through C.

**COUNSEL**

Patricia Herzog and Theodore S. Goodwin, under appointments by the Court of Appeal, for Objectors and Appellants.

William C. Katzenstein, County Counsel, and Beauford T. Miller, Jr., Deputy County Counsel, for Plaintiff and Respondent.

James R. Bostwick, Jr., under appointment by the Court of Appeal, for Minors.

**OPINION**

TIMLIN, J.—Objectors and appellants Steven A., Sr., and Lori A. appeal from an order pursuant to Civil Code section 232, freeing their two children, Steven, Jr., and Kathleen, from parental custody and control.[1] The parents contend that the juvenile court erred in freeing minors from their custody and control because (1) there was insufficient evidence to support the court's findings a) under section 232, subdivisions (a)(2), (a)(4), (a)(6), and (a)(7); b) that return of minors to appellants would be detrimental to the minors; c) that it is in the best interest and welfare of minors that they be declared free

---

[1]All further statutory references are to the Civil Code, unless otherwise indicated.

from custody and control of appellants; and d) permanent severance of the parental relationship is the least detrimental alternative to secure the best interests of the minors; (2) the court erred in finding appellants were provided reasonable reunification services; (3) the court failed to hear minors' testimony, as required by section 232, subdivision (b); and (4) the court failed to provide the mother with separate counsel.

## I.

### PROCEDURAL BACKGROUND

The petition to free minors from parental custody and control alleged that the parents had neglected or cruelly treated minors (§ 232, subd. (a)(2)), the father had been convicted of a felony of such a nature as to prove his unfitness to have future custody and control of minors (§ 232, subd. (a)(4)), minors' parents were mentally disabled and likely to remain so in the foreseeable future (§ 232, subd. (a)(6)), and minors had been in out-of-home placement under supervision of the department of public social services for a one-year period (§ 232, subd. (a)(7)).

After conducting a hearing on the petition, the Riverside County Juvenile Court found all the above-described allegations to be true. The court also found that the parents had failed and would fail in the future to maintain an adequate parental relationship with minors, that reasonable reunification services had been provided for the parents, that return of minors to their parents would be detrimental to minors, that it was in the minors' best interests to be freed from the parents' custody and control, and that permanent severance of the parental relationship was the least detrimental alternative to secure minors' best interests. Consequently, the court entered an order declaring minors free from parental control and custody.

### II., III. A.-C.*

. . . . . . . . . . . . . . . . . . . . . . . . . . .

### D.

### NECESSITY OF REVERSAL

■ The father contends that we must reverse as to him if one finding made by the juvenile court is not supported by substantial evidence. He cites

*See footnote, *ante*, page 349.

the following language in *In re Jack H.* (1980) 106 Cal.App.3d 257, 269 [165 Cal.Rptr. 646], to support his contention: "Error as to any of the trial court findings impermissibly taints its exercise of discretion affecting this most fundamental civil right; therefore, any one alone is sufficient for reversal. (*In re Carmaleta B.*, [1978], 21 Cal.3d 482, 495-496 [146 Cal.Rptr. 623, 579 P.2d 514].)" As we explain below, we conclude that this broad language, when examined in context and in light of *In re Carmaleta B.*, does not require that we reverse because of our holding that the trial court erred in finding that the minors came within the description of section 232, subdivision (a)(4), as applied to the father.

In *In re Carmaleta B.*, *supra*, 21 Cal.3d 482, the trial court had found that five children were entitled to be declared free of their mother's control and custody since each of them came within the descriptions of subdivisions (a)(2) and (a)(6) section 232, but had made no finding that return of minors to the mother's home would be detrimental to them, as required pursuant to section 4600. (*Id.*, at pp. 485, 488, 496.) Our Supreme Court held that the finding under subdivision (a)(6) was not supported by the evidence and that the subdivision (a)(2) finding was supported as to only four of the five children; it also pointed out that a finding of detriment was absolutely essential in a section 232 case. (*Id.*, at pp. 492, 495.) The court reversed and remanded the case "for a determination of the finding of detriment and a redetermination of whether the section 232 petition should be granted." (*Id.*, at p. 495.)

After setting out its holding, the court further stated: "In a case such as this where fundamental rights are affected by the exercise of discretion by the trial court, we recognize that such discretion can only be truly exercised if there is no misconception by the trial court as to the legal basis for its action. Thus, where, as here, some of the grounds for the trial court's action have been determined on appeal to be supportable and other grounds unsupported, the matter should be remanded for the trial court's redetermination of the ultimate issue on the proper grounds." (*In re Carmaleta B.*, *supra*, 21 Cal.3d at p. 496.) This language might be tortured to support the father's sweeping contention, (though it speaks of "some" invalid findings), that any one invalid finding mandates reversal. However, the Supreme Court in *Carmaleta B.* went on to explain that, if the hearing court had concluded the mother was not mentally ill and had realized that its judgment would separate the siblings, it might well have reached a different result. (*Ibid.*) It stated that it could not conclude that the erroneous findings were "surplusage" or that there was "no real doubt" as to the decision the trial court would have reached in the absence of the erroneous findings. (*Ibid.*) This language

suggests that the court was in reality engaging in a "harmless error" type analysis.

Only five subsequent cases have referred to the *Carmaleta B.* discussion set out above. In none of them has *Carmaleta B.* been given the broad scope that the father urges here. Four of the cases involve either a lack of the absolutely essential finding of detriment or an invalid finding of detriment. None include any holding on the question of a required remand to the trial court for redetermination of the ultimate issue if some but not all of a court's findings under section 232, subdivision (a) are in error. (*In re Geoffrey G.* (1979) 98 Cal.App.3d 412, 422 [159 Cal.Rptr. 460]; *In re Jack. H., supra,* 106 Cal.App.3d at p. 266-269; *Adoption of Christopher S.* (1987) 197 Cal.App.3d 433, 436-440 [242 Cal.Rptr. 866]; *In re Randi D.* (1989) 209 Cal.App.3d 624, 629, fn. 3 [257 Cal.Rptr. 421].) The fifth case involves a failure of a magistrate to exercise discretion in a criminal case to determine whether a defendant might cross-examine a witness. (*People* v. *Davis* (1984) 161 Cal.App.3d 796, 802-803 [207 Cal.Rptr. 846].)

In *In re Jack H.,* the court stated in dicta that invalidity of "any one [finding] alone" would be sufficient for reversal, but it actually held that all of the grounds upon which the court had found the children entitled to be freed from the custody and care of their mother were invalid, and also held that the trial court's finding of detriment was based on an erroneous conception of the meaning of detriment under section 4600. (*In re Jack H., supra,* 106 Cal.App.3d at pp. 263-269.)

Based on the above analysis, we determine that the purpose of the above quoted language in *Carmaleta B.* was to emphasize that a finding of detriment must be made pursuant to section 4600, and that such finding must be supported by substantial evidence in light of the whole record, rather than to establish a per se rule that an order severing parental rights must be reversed and remanded for redetermination if the court erred in finding that a minor came within the description of any one of a number of alleged statutory grounds under subdivision (a) of section 232.[5]

We conclude that there is ample evidence in the record to support a finding of detriment in this case as to both minors, and that there is no "real doubt" that the juvenile court would have reached the same decision in this case absent the erroneous finding under section 232, subdivision (a)(4) that the father had committed a felony which rendered him unfit to parent. (*In re*

---

[5]We note that the Legislature amended section 232 in 1988, adding subdivision (d), which provides: "Sections 4600 and 5158 shall not apply to proceedings pursuant to this section."

*Carmaleta B.*, *supra*, 21 Cal.3d at p. 496.) Consequently, we hold that there is no ground upon which to reverse and remand this case.

DISPOSITION

The order is affirmed.

Hollenhorst, Acting P. J., and McDaniel, J.,* concurred.

<hr>

*Retired Associate Justice of the Court of Appeal, Fourth District, sitting under assignment by the Chairperson of the Judicial Council.