[No. G010985. Fourth Dist., Div. Three. Mar. 31, 1992.]

In re JONATHAN B., a Person Coming Under the Juvenile Court Law.
ORANGE COUNTY SOCIAL SERVICES AGENCY, Plaintiff and
Respondent, v.
SHERRY B., Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

*Pursuant to California Rules of Court, rule 976.1, this opinion is certified for publication with the exception of parts I and II.

**COUNSEL**

Lawrence Salisbury, under appointment by the Court of Appeal, for Defendant and Appellant.

Terry C. Andrus, County Counsel, and Michelle Ben-Hur, Deputy County Counsel, for Plaintiff and Respondent.

John L. Dodd, under appointment by the Court of Appeal, for Minor.

## OPINION

SONENSHINE, J.—Sherry B. appeals from an order declaring her son, Jonathan B., a dependent of the juvenile court under Welfare and Institutions Code section 300, subdivisions (b), (c), and (i).[1] She contends subdivision (c) is unconstitutionally vague and in violation of a number of guarantees of the United States and California Constitutions. She further contends the court's order is unsupported by sufficient evidence as to any ground. Because we decide the case on the basis of sufficiency of the evidence to support the dependency orders under subdivision (b), we do not reach the constitutional issues in regard to subdivision (c). ■ The reviewing court "should not decide constitutional questions unless compelled to do so." (*People* v. *Marsh* (1984) 36 Cal.3d 134, 144 [202 Cal.Rptr. 92, 679 P.2d 1033].)

I, II*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . .

III

■ Sherry contends the judgment cannot be affirmed unless the evidence is sufficient to support all of the grounds upon which the court relied in making its dependency orders. We disagree. The reviewing court may affirm a juvenile court judgment if the evidence supports the decision on any one of several grounds: "Since the trial court had sufficient basis to terminate appellant's parental rights under [Civil Code] section 232, subdivision (a)(6), its findings under subdivision (a)(7) are moot." (*In re Amie M.* (1986) 180 Cal.App.3d 668, 676 [225 Cal.Rptr. 645].)

Sherry ignores the above case and relies instead on *In re Carmaleta B.* (1978) 21 Cal.3d 482 [146 Cal.Rptr. 623, 579 P.2d 514]. There, four minors

---

[1]Welfare and Institutions Code section 300 provides that certain described minors may be adjudged dependents of the court. Subdivision (b) allows dependency if "[t]he minor has suffered, or there is a substantial risk that the minor will suffer, serious physical harm or illness, as a result of the failure or inability of his or her parent or guardian to adequately supervise or protect the minor . . . ." Subdivision (c) permits dependency if "[t]he minor is suffering serious emotional damage, or is at substantial risk of suffering serious emotional damage, evidenced by severe anxiety, depression, withdrawal, or untoward aggressive behavior toward self or others, as a result of the conduct of the parent or guardian or who has no parent or guardian capable of providing appropriate care. . . ." Under subdivision (i), a minor may be adjudged a dependent if "[he or she] has been subjected to an act or acts of cruelty by the parent . . . ."

All statutory references are to the Welfare and Institutions Code.

*See footnote, *ante*, page 873.

were removed from their home in 1973, due to the father's sexual abuse of the girls and physical abuse of the boys and the mother's failure to protect the children. In 1974, a new baby girl was declared a dependent of the juvenile court due to the mother's inability to protect the child from the father's possible future sexual abuse. Upon the social service agency's petition, the trial court found all five children free of custody and control of their parents on grounds of both parents' cruelty and neglect and mental illness.

The mother appealed. The Supreme Court found insufficient evidence to support the mental illness ground; sufficient evidence supported the cruelty and neglect ground, but only as to four of the children, not as to the baby born after the dependency proceedings involving the other children. The court held, "Since the mental illness ground is unsupported by the evidence, and therefore cannot be used to sever the parental relationship to all of the children, and since the neglect ground is supported only as to four of the five children, we conclude that the case must be remanded to the trial court for a determination of the finding of detriment and a redetermination of whether the [Civil Code] section 232 petition should be granted." (*In re Carmaleta B.,* *supra,* 21 Cal.3d at p. 495.) The court noted the trial court might have reached a different conclusion entirely as to the "least detrimental alternative for the children" had it found no ground of mental illness. (*Id.* at p. 496.) "We cannot say that the erroneous findings were surplusage [citation] or that there is 'no real doubt' in the absence of the erroneous findings. [Citation.]" (*Ibid.*)

We do not read *In re Carmaleta B.* to require reversal and remand for redetermination if one or more of several findings made by the juvenile court is unsupported by substantial evidence. Rather, we agree with the conclusion of *In re Steven A.* (1991) 230 Cal.App.3d 349, 353 [281 Cal.Rptr. 335], that the court in *In re Carmaleta B.* "was in reality engaging in a 'harmless error' type analysis." *In re Carmaleta B.* is not controlling here, where there is no real doubt regarding the propriety of the result. ■ "We uphold judgments if they are correct for any reason, 'regardless of the correctness of the grounds upon which the court reached its conclusion.' [Citation.] 'It is judicial action and not judicial reasoning which is the subject of review . . . .' " (*United Pacific Ins. Co.* v. *Hanover Ins. Co.* (1990) 217 Cal.App.3d 925, 933 [266 Cal.Rptr. 231].) We will not reverse for error unless it appears reasonably probable that, absent the error, the appellant would have obtained a more favorable result. (*People* v. *Watson* (1956) 46 Cal.2d 818, 836 [299 P.2d 243]; *Daly* v. *General Motors Corp.* (1978) 20 Cal.3d 725, 746 [144 Cal.Rptr. 380, 575 P.2d 1162].) Such is not the case here.

■ We conclude by noting the paramount purpose underlying dependency proceedings is the protection of the child (*In re Kerry O.* (1989) 210 Cal.App.3d 326, 333 [258 Cal.Rptr. 448]), and we remind Sherry she does not represent "a competing interest in this respect." (*In re Michael S.* (1981) 127 Cal.App.3d 348, 359 [179 Cal.Rptr. 546].) ■ The record shows the juvenile court exercised its broad discretion in determining that continued nonparental custody of Jonathan was in his best interests. We find no abuse of discretion.

Judgment affirmed.

Crosby, Acting P. J., and Wallin, J., concurred.

Appellant's petition for review by the Supreme Court was denied June 17, 1992.