9 Cal.App.4th 636 (1992)
12 Cal. Rptr.2d 10
In re ELIZABETH T. et al., Persons Coming Under the Juvenile Court Law.
SACRAMENTO COUNTY DEPARTMENT OF SOCIAL SERVICES, Plaintiff and Respondent,
v.
MICHAEL T., Defendant and Appellant.
Docket No. C010785.
Court of Appeals of California, Third District.
September 15, 1992.
*638 COUNSEL
Stephanie A. Smith for Defendant and Appellant.
L.B. Elam, County Counsel, and Kathleen A. O'Connor, Deputy County Counsel, for Plaintiff and Respondent.
OPINION
SIMS, J.
In this case under Welfare and Institutions Code section 300, it was alleged that the minors' father had molested them. Based on these allegations, criminal charges were filed against the father and a preliminary hearing was held at which the minors testified about the alleged acts. The magistrate found probable cause for a holding order.
In the subsequent jurisdictional hearing in the Welfare and Institutions Code section 300 matter, conducted in 1991, the transcript of the minors' testimony from the preliminary hearing was admitted into evidence over objection pursuant to Evidence Code section 1293 (§ 1293), which allows *639 the admission of such transcripts in Welfare and Institutions Code section 300 proceedings as an exception to the hearsay rule.[1] The juvenile court held that it had jurisdiction over the minors. Thereafter, at the dispositional hearing, the court ordered the minors placed in the mother's home and issued a no-contact order against the father.
In his appeal from the juvenile court's dispositional orders, the father raises a facial challenge to the constitutionality of section 1293. We reject that challenge and affirm the juvenile court's orders.

DISCUSSION
(1a) The father contends the juvenile court erred by admitting the preliminary hearing testimony of the minors on the ground that applying section 1293 unconstitutionally deprived the father of his right to confront witnesses as guaranteed by due process. Although there is some ambiguity in the father's briefs as to whether he intends a challenge to the statute both on its face and as applied, he makes no sustained argument that the court misconstrued the statute in applying it; moreover, in his reply brief he appears to concede that the court did not do so. Therefore we take the father's claim of error as a facial challenge to the constitutionality of the statute.
(2) "`To support a determination of facial unconstitutionality, voiding the statute as a whole, petitioners cannot prevail by suggesting that in some future hypothetical situation constitutional problems may possibly arise as to the particular application of the statute.... Rather, petitioners must *640 demonstrate that the act's provisions inevitably pose a present total and fatal conflict with applicable constitutional prohibitions.' (Pacific Legal Foundation v. Brown (1981) 29 Cal.3d 168, 180-181 [], italics in original.)" (Arcadia Unified School Dist. v. State Dept. of Education (1992) 2 Cal.4th 251, 267 [5 Cal. Rptr.2d 545, 825 P.2d 438].)
(3) "`[A]ll presumptions and intendments favor the validity of a statute and mere doubt does not afford sufficient reason for a judicial declaration of invalidity. Statutes must be upheld unless their unconstitutionality clearly, positively, and unmistakably appears.' (In re Ricky H. (1970) 2 Cal.3d 513, 519 []; In re Dennis M. (1969) 70 Cal.2d 444, 453 []; Lockheed Aircraft Corp. v. Superior Court (1946) 28 Cal.2d 481, 484 [].) If the validity of the measure is `fairly debatable,' it must be sustained. (Associated Home Builders etc., Inc. v. City of Livermore (1976) 18 Cal.3d 582, 605 []; Hammer v. Town of Ross (1963) 59 Cal.2d 776, 783 [] and cases there cited.)" (Calfarm Ins. Co. v. Deukmejian (1989) 48 Cal.3d 805, 814-815 [258 Cal. Rptr. 161, 771 P.2d 1247].)
(4) "An express constitutional right of confrontation is limited to criminal prosecutions. (U.S. Const. 6th Amend.; Cal. Const., art. I, § 15.) This right has been extended, however, to civil matters and by statute to juvenile dependency hearings, although not all of the formalities necessary in a criminal trial are applicable or required. ([Welf. & Inst. Code,] § 311; In re Kerry O. (1989) 210 Cal. App.3d 326, 333-334 [].) Unlike criminal trials, the primary purpose of dependency hearings is to protect the child, not prosecute the parents. (In re Kerry O., supra, 210 Cal. App.3d at p. 333; In re Mary S. (1986) 186 Cal. App.3d 414, 418 [].)" (In re Corey A. (1991) 227 Cal. App.3d 339, 346 [277 Cal. Rptr. 782].)
"As in other civil cases, parties to a dependency proceeding have a statutory due process right to cross-examine and confront witnesses. (In re Malinda S. (1990) 51 Cal.3d 368, 383 at fn. 16 []; In re Corey A., supra, 227 Cal. App.3d at p. 346; In re Kerry O., supra, 210 Cal. App.3d at pp. 333-334; In re Mary S., supra, 186 Cal. App.3d at pp. 418-419; [Welf. & Inst. Code,] §§ 311, subd. (b), 341, 353; Cal. Rules of Court, rule 1449(b)(3), (4).)" (In re Amy M. (1991) 232 Cal. App.3d 849, 864 [283 Cal. Rptr. 788], fn. omitted.)
(5) However, even a criminal defendant's express constitutional right to cross-examination and confrontation is not absolute. Where a witness is unavailable to testify, the defendant's due process rights are sufficiently protected by the use of the witness's testimony from a former action or proceeding, provided the defendant had the right and opportunity to cross-examine the witness in that proceeding with an interest and motive similar to *641 that which he has in the present proceeding. (Evid. Code, §§ 1291, 1292; People v. Louis (1986) 42 Cal.3d 969, 983 [232 Cal. Rptr. 110, 728 P.2d 180].) Indeed, "[i]f the [defendant] had an adequate opportunity for cross-examination in an earlier proceeding, the confrontation clause may be satisfied even absent physical confrontation at time of trial" even where there has been no showing that the witness is unavailable. (In re Kerry O. (1989) 210 Cal. App.3d 326, 332 [258 Cal. Rptr. 448]; see also California v. Green (1970) 399 U.S. 149, 156, 165-166 [26 L.Ed.2d 489, 495-496, 501, 90 S.Ct. 1930].)
(1b) Similarly, both federal and California courts have held that due process does not always entitle persons accused of child molestation, whether in criminal proceedings or in dependency proceedings, to direct face-to-face confrontation and cross-examination of the children they are accused of molesting. As a matter of constitutional principle, the United States Supreme Court has held that a state's compelling interest in protecting child victims of sex crimes from further trauma may in some instances outweigh the right to confrontation. (Maryland v. Craig (1990) 497 U.S. 836, 852 [111 L.Ed.2d 666, 683, 110 S.Ct. 3157] [upholding procedure of closed-circuit television testimony by child in criminal case].) Likewise, the California courts have approved the use of statutory procedures in dependency cases which deprived parents accused of molestation of the opportunity to confront and cross-examine child witnesses directly. (In re Malinda S. (1990) 51 Cal.3d 368, 373-375, 382-385 [272 Cal. Rptr. 787, 795 P.2d 1244] [admission of hearsay statements in social worker's report pursuant to Welf. & Inst. Code, § 355]; In re Amy M., supra, 232 Cal. App.3d at pp. 866-867, and cases cited [taking minor's testimony in chambers pursuant to Welf. & Inst. Code, § 350, subd. (b)].)
In enacting section 1293, the Legislature incorporated as nearly as possible the exact language of Evidence Code sections 1291 and 1292, which have never been held to infringe impermissibly on the due-process right of confrontation and cross-examination.[2] Section 1293 differs materially from sections 1291 and 1292 in only one respect: it requires no showing that the *642 witness whose former testimony is to be used is unavailable. However, this difference does not lead us to conclude that section 1293 violates due process.
As we have noted, both federal and California courts have held that a witness need not always be shown to be unavailable before the testimony from a former proceeding will be admitted. (California v. Green, supra, 399 U.S. at pp. 156, 165-166 [26 L.Ed.2d at pp. 495-496, 501]; In re Kerry O., supra, 210 Cal. App.3d at p. 332.) Given that the court's main purpose in a dependency proceeding is to protect the minors (In re Corey A., supra, 227 Cal. App.3d at p. 346), and that the United States Supreme Court has determined that a state's interest in protecting child sex-crime victims from further trauma may outweigh the right of confrontation even in criminal cases (Maryland v. Craig, supra, 497 U.S. at p. 852 [111 L.Ed.2d at p. 683]), the Legislature could properly find it unnecessary to require a showing of unavailability before a juvenile court may admit the preliminary hearing testimony of a minor in a Welfare and Institutions Code section 300 proceeding.
The father contends section 1293 nevertheless fails to pass due process muster because it deprives the juvenile court of the means to determine the minors' credibility, since the judge presiding over a Welfare and Institutions Code section 300 proceeding will normally not be the same judge who presided over the preliminary hearing in the criminal case. This argument proves too much: if it were correct, then it would equally bar the use of former testimony in any type of proceeding, even where the witness was shown to be unavailable, unless the former and the present proceedings were presided over by the same judge. No such condition has been grafted onto Evidence Code sections 1291 and 1292, the predecessors of section 1293, and we see no reason to graft on such a condition here. The presumption underlying section 1293, like its predecessor statutes, is that the testimony and cross-examination in the former proceeding, as recorded in the transcript thereof, provide a sufficient means for the court to assess the credibility of the nontestifying witness. This presumption is constitutionally valid. (See Louis, supra, 42 Cal.3d at p. 983.)
The father notes that in In re Kerry O., supra, where the parents stipulated to admit a transcript of the minor's former testimony in lieu of requiring his *643 appearance at a jurisdictional hearing under Welfare and Institutions Code section 300, the juvenile court stated, with the apparent approval of the reviewing court, that despite the stipulation it treated the former testimony "with extreme caution because of the lack of personal observation" of the minor's testimony, and needed to look to other evidence to determine the minor's credibility. (210 Cal. App.3d at pp. 330-331, 335.) However, the jurisdictional hearing in Kerry O. was held before the adoption of section 1293; thus the juvenile court and the reviewing court there could not rely on the Legislature's subsequent policy decision in favor of the use of preliminary hearing transcripts in Welfare and Institutions Code section 300 proceedings.[3] Although the juvenile court's caution was appropriate in view of then-existing law, it does not tend to prove that the Legislature acted unconstitutionally by diminishing the need for such caution.
The father also relies on In re Amy M., supra, another case in which the Welfare and Institutions Code section 300 jurisdictional hearing preceded the effective date of section 1293. (232 Cal. App.3d at p. 855.) There, the reviewing court held that the failure to call a minor as a witness at the jurisdictional hearing was reversible error because it violated the parents' right to due process. (Id. at p. 868.) However, the court specifically found that on the facts presented there was no alternative consistent with due process to calling the minor as a witness: "Unlike Kerry O., [the minor] had not testified in a prior hearing, thus there was no substitute for his testimony that could have been admitted into evidence...." (Id. at p. 865.) Since the court expressly held that the option later enacted into law by section 1293 would have sufficed to preserve due process, Amy M. does not support the proposition that section 1293 violates due process.

DISPOSITION
The judgment (order) is affirmed.
Sparks, Acting P.J., and Nicholson, J., concurred.
A petition for a rehearing was denied October 13, 1992, and appellant's petition for review by the Supreme Court was denied December 3, 1992.
NOTES
[1] Section 1293 provides: "(a) Evidence of former testimony made at a preliminary examination by a minor child who was the complaining witness is not made inadmissible by the hearsay rule if:

"(1) The former testimony is offered in a proceeding to declare the minor a dependent child of the court pursuant to Section 300 of the Welfare and Institutions Code.
"(2) The issues are such that a defendant in the preliminary examination in which the former testimony was given had the right and opportunity to cross-examine the minor child with an interest and motive similar to that which the parent or guardian against whom the testimony is offered has at the proceeding to declare the minor a dependent child of the court.
"(b) The admissibility of former testimony under this section is subject to the same limitations and objections as though the minor child were testifying at the proceeding to declare him or her a dependent child of the court.
"(c) The attorney for the parent or guardian against whom the former testimony is offered or, if none, the parent or guardian may make a motion to challenge the admissibility of the former testimony upon a showing that new substantially different issues are present in the proceeding to declare the minor a dependent child than were present in the preliminary examination.
"(d) As used in this section, `complaining witness' means the alleged victim of the crime for which a preliminary examination was held.
"(e) This section shall apply only to testimony made at a preliminary examination on and after January 1, 1990."
[2] Section 1291 provides: "(a) Evidence of former testimony is not made inadmissible by the hearsay rule if the declarant is unavailable as a witness and:

"(1) The former testimony is offered against a person who offered it in evidence in his own behalf on the former occasion or against the successor in interest of such person; or
"(2) The party against whom the former testimony is offered was a party to the action or proceeding in which the testimony was given and had the right and opportunity to cross-examine the declarant with an interest and motive similar to that which he has at the hearing.
"(b) The admissibility of former testimony under this section is subject to the same limitations and objections as though the declarant were testifying at the hearing, except that former testimony offered under this section is not subject to:
"(1) Objections to the form of the question which were not made at the time the former testimony was given.
"(2) Objections based on competency or privilege which did not exist at the time the former testimony was given."
Section 1292 tracks section 1291 except that (1) it does not require the party to the present proceeding to be the same party against whom the testimony was given in the former proceeding, and (2) it requires that the former testimony to be admitted must have been offered in a civil action.
[3] The hearing in Kerry O. took place in 1987. (210 Cal. App.3d at pp. 329-330.) Section 1293 became effective on January 1, 1990. (§ 1293, subd. (e).)